# Thomas Miller's Appeal.
# Mary Ann Miller's Appeal.

1. Where it clearly appears to the Supreme Court that an Auditor has not only found facts against the weight of the evidence, but has disregarded the evidence, and thereby reached an unjust result, his findings of fact and law, though confirmed by the court below, will be reversed.

2. A testator devised to each of his three sons a tract of land, charged with the annual payment of small sums, aggregating $104 per annum, to his widow, who was the step-mother of the devisees. For a period of nearly thirty years the widow lived with and was comfortably maintained by her step-sons. So far as appeared she had no other means of support. After the widow's death her administratrix presented a petition to the Orphans' Court averring that said yearly charges were in arrear, and praying for the ascertainment and payment of the balances due. Before the Auditor to whom the matter was referred there was but little direct evidence of payment of said annual sums to the widow in money, but the testimony showed that the sons, together, had paid more than the aggregate sum of $104 per annum for her support, and there was some testimony tending to show that this was done in pursuance of a family arrangement or understanding, and that the widow had made no complaint in her lifetime of non-payment of the annuities. The Auditor reported that after deducting certain credits a large sum was due as arrears on said charges, and that the evidence as to the cost of supporting the widow was irrelevant. Exceptions filed to the report were dismissed by the court and the report was confirmed. On appeal to the Supreme Court:

*Held,* on a review of the testimony, that the Auditor's findings and inferences of fact were unsupported by and clearly against the weight of the evidence; the decree confirming the report was therefore reversed, and the petition dismissed at the cost of the appellee.

March 7th 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Northampton county:* Of January Term 1882, Nos. 301, 302.

This was, in the court below, a petition filed by Sarah Fehr, administratrix of Elizabeth Miller, widow of Jacob Miller, deceased, averring that certain sums due to the decedent in her lifetime and charged upon certain lands devised to Thomas Miller and others, remained due and unpaid, and praying that the balances due be ascertained and paid.

An answer was filed, and the cause was referred to an Auditor to take testimony and report. The facts of the case, and the errors assigned, so far as essential to an understanding of the decision, are stated in the opinion of this court.

*W. H. Armstrong* (*A. S. Knecht* with him), for the appellants.

*B. F. Fackenthall*, for the appellee.

Mr. Justice Paxson delivered the opinion of the court, June 4th 1883.

As these appeals are from the same decree they may be considered together.

Jacob Miller died in 1848. By his will he devised one tract of land to his son Abraham, subject to a yearly charge of $42 ; another tract was devised to his son Thomas subject to a like charge, and a third tract to his son Conrad, subject to a charge of $20. These three charges, aggregating $104, were to be paid to the widow for life, and so far as appears, were her only means of support. She died in 1878, leaving a small estate, evidently her savings, appraised at $245.07. After her death proceedings were commenced to recover from the devisees and alienees of the several tracts so as aforesaid charged, the arrears of said respective charges. The matter was referred to an Auditor by the court below, the result of which was that Thomas Miller was charged with $719.29 of arrearages and Mary Ann Miller, widow of Conrad Miller, with $423.79, which finding was approved by the court below.

A careful examination of the testimony satisfies us the Auditor has not only found his facts against the weight of the evidence, but that he has disregarded the evidence. The result has been reached by charging up against the respondents the whole of the respective arrearages from the death of Jacob Miller in 1848 to the death of the widow in 1878, and practically ignoring much of the evidence produced to show payment.

The facts as abundantly proved are that the business was conducted in an informal way between the old lady and her three step-sons; that she was supported by them during all these years ; that she was furnished a house to live in, worth, according to the testimony, $30 per annum ; that she was kept in fire-wood ; much of the time with a cow, and at others with

6 Outerbridge.—35

butter, milk and eggs; that most of her provisions were supplied her, and that for a considerable period she ate at her son's table ; that at her death her funeral expenses were paid in a liberal manner. The uncontradicted evidence was that she was supported by her step-sons, that it was done in a liberal and kind manner, and no witness was called who ever heard her complain of the manner in which she was treated or supported, or that she did not receive her annuity or its value. It is true some of the witnesses were interested, but there was abundant evidence outside of them ; besides, they were strongly corroborated.

The support which the widow received was proved clearly to be worth more than $104 per year, and the whole testimony points to an arrangement or understanding by which she was to receive a support in lieu of her dower. The evidence shows that she received, if not her money, her money's worth and more.

The Auditor says, in reference to the evidence bearing upon the question of her support, that " This is clearly irrelevant, besides, as Elizabeth Miller was not maintained by any one, but nobly achieved that task successfully herself." We are at a loss to perceive upon what this finding was based. Not upon the testimony certainly, for there is no evidence that she received a dollar during the thirty years she was a widow except what came from her step-sons or their families.

It is perhaps true that several matters were brought in to show payment which were not originally intended as matters of charge, notably the instance of rent. This as well as other things may have been furnished without an intention of making a charge, yet when confronted with a demand for the arrears of the annuity it is not surprising that they were now brought in to show payment. The aggregate of the annuities was but a slender support for the widow, and if the children, recognizing that fact, furnished her a support without regard to the amount, it would be a harsh rule after this lapse of time to hold them to strict proof of payment by amount and date.

The limits of this opinion will not justify me in going over the testimony in detail. Nor is it necessary. The appellees allege that the testimony was not all printed. As our attention has not been called to any particular evidence omitted we must assume it is of little value.

We are unable to see that Mary Ann Miller's case differs materially from that of Thomas Miller. If, as we think is proved, the widow was supported in pursuance of a family arrangement, in lieu and excess of her dower, Mary Ann Miller is entitled to the benefit of it. If one step-son has contributed

[Siegfried v. Ludwig.]

more than the others, that is a matter for them to settle between themselves.

The decree is reversed and the petitions dismissed at the costs of the respective appellees.